IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RODNEY JAMES REDMOND and
JEFFREY M. DAVIS, JR.,

                Plaintiffs,                            ORDER

      v.                                           13-cv-467-wmc

DAWN LAURENT, NICHOLAS BUHR,
MARCELO TRINIDAD, DANIEL NORGE,
DAVID MELBY, MICHAEL MEISNER,
GARY ANKARLO, JESSICA HARRIS,
PATRICK HOOPER, KEVIN PITZEN,
DALIA SULIENE, KAREN ANDERSON,
GARY MAIER, JANEL NICKEL, CHAD KELLER,
SEAN SALTER, TODD CALLISTER,
STEVEN PARENTEAU, SCOTT ROYCE,
SGT. GEE, BRENT EXNER, C.O. JOHNSON,
SGT. JULSON, RODNEY KRATZ, C.O. BROWN,
SGT. PALMER, SGT. BARTZ, C.O. DELMORE,
C.O. FABRY, C.O. HERSHBERGER,
NATHAN PRESTON, CAPT. CASIANA,
LT. BREDEMANN, SGT. SCHNEIDER,
SGT. HAAG and C.O. JOHN DOES 1-4,

                Defendants.

---

The court has received a proposed civil action under 42 U.S.C. § 1983 that was purportedly filed by plaintiffs Jeffrey M. Davis Jr. and Rodney James Redmond. These state inmates seek to challenge the constitutionality of "policies and practices that have, are, and will affect mentally ill and/or suicidal inmates" at the Columbia Correctional Institution ("CCI"). Davis has filed a motion to certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of all similarly situated inmates at CCI and he seeks leave to proceed *in forma pauperis*. Before addressing these motions, the court must address whether Redmond is properly considered a party to this lawsuit.

### A. Unsigned Pleadings from Rodney Redmond

Redmond has neither signed the complaint nor joined the motions for class certification and indigent status submitted by Davis. Thus, it is unclear whether Redmond truly wishes to be involved with this action or if he is even aware of it. As Davis seems to be aware, Rule 11 of the Federal Rules of Civil Procedure requires every pleading to be personally signed "if that party is unrepresented by an attorney." This means that any document that purports to state the position of both plaintiffs must be signed by both. Unless the omission is promptly corrected, the court "must" strike an unsigned submission. FED. R. CIV. P. 11(a).

In a letter submitted with the complaint, Davis states that Redmond's present location is unknown. He further speculates that Redmond may have been transferred from CCI to the Wisconsin Resource Center for treatment. This is apparently Davis's attempt to explain his decision to file the lawsuit without first obtaining Redmond's signature, instead asking the court to locate Redmond and send him the complaint so that he can sign it.

The court declines to do so. It is the obligation of neither this court nor the clerk's office to search for litigants. Rather, it is the litigant's responsibility to advise the court of any change to his or her contact information. *See Casimir v. Sunrise Fin., Inc.*, 299 F. App'x 591, 593, 2008 WL 4922422 (7th Cir. 2008) (affirming the denial of a Rule 60(b) motion where movants claimed they did not receive notice of summary judgment due to a house fire, adding that "all litigants, including *pro se* litigants, are responsible for maintaining

2

communication with the court"); *see also Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit.").

Equally important, court records show that Redmond has already filed a complaint concerning his need for mental heath care. *See Redmond v. Laurent, et al.*, Case No. 13-cv-145-wmc (W.D. Wis.). The complaint in that case, which lists many of the same defendants, is presently under advisement for purposes screening required by the Prison Litigation Reform Act, 28 U.S.C. § 1915A, which governs all civil actions and appeals filed by persons who are in custody. Because this suit appears to duplicate claims already under consideration at least as to Redmond, the court will dismiss him as a plaintiff in this suit without prejudice to having his claims heard in Case No. 13-cv-145-wmc.

### B. Davis's Motion for Leave to Proceed *In Forma Pauperis*

Turning to Davis's request for leave to proceed *in forma pauperis* in this case, the court has reviewed his supporting documentation and concludes that he qualifies for indigent status. Because Davis is incarcerated, he must prepay 20% of the greater of the average monthly balance or the average monthly deposits made to his prison account in the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(b)(1). In other words, he must make an initial partial payment of the filing fee before the court will consider his complaint. Thereafter, Davis will be required to make monthly installment payments from his trust fund account until the entire $350 filing fee for this civil action is

satisfied.[1]  28 U.S.C. § 1915(b)(2).

From the inmate trust fund account statement that Davis submitted with this complaint, 20% of the average monthly balance in Davis's account is $1.90, but 20% of the average monthly deposits is $7.60.  Because the greater of these two amounts is obviously the latter, Davis will be assessed that amount as an initial partial payment of the filing fee.  For this case to proceed, Davis must submit this amount on or before July 29, 2013.

If Davis does not have the money to make the initial partial fee payment in his regular account, he must arrange for prison officials to pay some or all of the assessment from his release account.  This does not mean that Davis is free to ask prison officials to pay *all* of his filing fee from his release account.  The only amount plaintiff must pay at this time is the $7.60 initial, partial payment.  Before prison officials take any portion of that amount from plaintiff's release account, they may first take from Davis's regular account whatever amount he owes up to the full amount.  Davis should show a copy of this order to prison officials to ensure that they are aware they should send his initial partial payment to this court.

### C.  Motion for Class Certification

Having found Davis eligible for indigent status, the court will also briefly consider his motion to certify a class action under Fed. R. Civ. P. 23.  Before the court may certify a class

---

[1]  With the exception of habeas corpus proceedings, the fee for civil actions filed after May 1, 2013 is $400, unless a litigant qualifies as indigent under the federal *in forma pauperis* statute, 28 U.S.C. § 1915(a), in which case the fee is $350.

action, four prerequisites must be met:

> (1) The class [must be] so numerous that joinder of all members is impracticable; (2) there [must be] questions of law or fact common to the class; (3) the claims or defenses of the representative parties [must be] typical of the claims or defenses of that class; and (4) the representative parties [must] fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a).

Even assuming Davis could satisfy the first three criteria, he is unqualified to act as class representative. Absent class members are bound by a judgment whether for or against the class; this entitles them at least to the assurance of competent representation afforded by licensed counsel, something a *pro se* inmate is unable to assure. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that it was plain error to permit an inmate proceeding *pro se* to represent fellow inmates in a class action); *see also Caputo v. Fauver*, 800 F. Supp. 168, 169-70 (D.N.J. 1992) ("Every court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action"). Moreover, as a non-lawyer, Davis may not represent anyone other than himself. *See* 28 U.S.C. § 1658; *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (per curiam) ("[I]t is clear that an individual may appear in the federal courts only *pro se* or through counsel.") (citations omitted). Therefore, his request for class certification will be denied.

ORDER

IT IS ORDERED that:

1. Plaintiff Rodney Redmond is DISMISSED as a party to this action without prejudice to having his claims considered in *Redmond v. Laurent, et al.*, Case No.

5

13-cv-145-wmc (W.D. Wis.).

2. The motion filed by plaintiff Jeffrey M. Davis Jr. for class certification (Dkt. # 2) is DENIED, but his motion for leave to proceed individually without prepayment of fees (Dkt. # 3) is GRANTED.

3. Davis is assessed $7.60 as an initial partial payment of the $350 fee for filing this case as an indigent litigant. He shall submit a check or money order made payable to the "Clerk of Court" in the amount of $7.60 on or before July 29, 2013. **Plaintiff is advised that, if he fails to comply as directed or show cause of his failure to do so, the court will assume that he does not wish to proceed and this case will be dismissed without further notice pursuant to Fed. R. Civ. P. 41(a)**.

4. No further action will be taken in this case until the court receives Davis's initial partial filing fee as directed above and the court has screened the complaint as required by the PLRA, 28 U.S.C. § 1915A. Once the screening process is complete, a separate order will issue as soon as practicable depending on the demands of this court's docket.

Entered this 16th day of July, 2013.

        BY THE COURT:

        /s/

        _____
        WILLIAM M. CONLEY
        District Judge